OPINION
Plaintiff-appellant Dapor LLC appeals from a summary judgment rendered against it on its complaint against defendant-appellee Kohl's Department Stores, Inc., for a proportionate share of assessments relating to the widening of Old Troy Pike, a road running past the shopping center in which Dapor leased space to Kohl's. Dapor contends that its lease unambiguously provides that Kohl's is obligated to pay a proportionate share of these assessments. We conclude that the trial court correctly decided that the lease is ambiguous in this respect, and that Kohl's presented unrebutted evidence to establish that the original parties to the lease understood and intended that the landlord, not the tenant, would pay these assessments. Consequently, we conclude that the trial court correctly rendered summary judgment in favor of Kohl's, and the judgment of the trial court is Affirmed.
 I
WildCat Development, Dapor's predecessor in interest to the Northpark Shopping Center, entered into a lease with Kohl's in November, 1993. The lease included a provision requiring Kohl's to pay a portion of real estate taxes and assessments levied against the shopping center, but this obligation was subject to the following exclusion: ". . . any Taxes [previously defined to include assessments] for highway and highway-related improvements which may be imposed upon or against the Shopping Center (i) prior to Commencement Date and as a result of Landlord's initial construction of the shopping center, or (ii). . . ."
Before this lease was entered into, the City of Huber Heights had enacted an ordinance providing for special assessments for the improvement of Old Troy Pike, having determined that Old Troy Pike needed to be widened. WildCat never sought reimbursement from Kohl's for any share of these assessments, having concluded that the above-quoted exclusion applied to the assessments, so that Kohl's was not obligated under the lease to pay any portion of the assessments.
On September 1, 1998, Dapor purchased all property and interest owned by WildCat, specifically including the lease with Kohl's, which was assigned to, and assumed by, Dapor. Dapor brought this action to recover a proportionate share of the assessments that it was required to pay for the improvement of Old Troy Pike.
Both parties moved for summary judgment, each contending that the application of the above-quoted exclusion in the lease to this issue is clear and unambiguous. The trial court denied both motions, and set the matter for trial.
As a result of a pretrial conference occurring after additional discovery, at which both parties indicated that the trial court had before it all of the relevant evidence, the trial court acceded to Kohl's request to reconsider its motion for summary judgment. The trial court concluded that the exclusionary provision in the lease is ambiguous, as it relates to this issue, that the evidence submitted by Kohl's established that the original parties to the lease had understood that the landlord, not the tenant, would be solely responsible for these assessments, that this evidence was not rebutted, and that after reviewing all of this evidence in a light most favorable to Dapor, reasonable minds could come to but one conclusion, that being that Kohl's was entitled to judgment as a matter of law.
Accordingly, the trial court rendered summary judgment in Kohl's favor. From that judgment, Dapor appeals.
 II
Dapor asserts three assignments of error, as follows:
 "THE TRIAL COURT ERRED IN FINDING THAT THE LEASE BETWEEN WILDCAT AND KOHL'S WAS AMBIGUOUS AS WRITTEN.
 "THE TRIAL COURT ERRED IN CONSIDERING PAROL EVIDENCE REGARDING THE INTENTIONS OF WILDCAT AND KOHL'S IN INTERPRETING SECTION 8.1(B).
 "THE TRIAL COURT ERRED IN IGNORING THE FACT THAT THE ASSESSMENT AT ISSUE, LEVIED BY ORDINANCE 91-0-492, WAS INDEPENDENT OF, AND UNRELATED TO, LANDLORDS INITIAL CONSTRUCTION OF THE SHOPPING CENTER."
In all three assignments of error, Dapor asserts that the trial court erred when it concluded that the exclusion in the lease quoted in Part I, above, is ambiguous as applied to the assessments for the widening of Old Troy Pike. Specifically, the issue is whether these assessments are "as a result of the landlord's initial construction of the shopping center."
The deposition of the Huber Heights City Engineer, John Geiger, was offered in evidence. His deposition testimony included the following:
 "Q. It would be it would be fair to say, would it not, or it would be true, would it not, sir, that the initial development of the Northpark Center was one of the considerations in the planning, development and implementation of these road improvements?
"A. It was one of the considerations, that's correct.
"Q. Okay.
 "A. However, it was not the sole consideration, and, quite frankly, to expand upon that answer, it was not the driving force, per se, behind the roadway improvement. The driving force was the need to widen it that road which existed before this came in.
 "No question that the that the the fact that the shopping center was being built helped push this along, helped the the priority of the project, but it was not the initial or the major factor in the roadway widening process. It was a factor, however."
Geiger's testimony that the Northpark Shopping Center Development was "a factor," although "not the initial or the major factor," in the highway widening project, was not rebutted.
We agree with the trial court that the language of the exclusion in the lease is ambiguous as applied to these facts. If the construction of the Northpark Shopping Center had not been a factor in the highway-widening project, then the exclusion would clearly and unambiguously not apply, since the highway improvement could not then be said to be "a result of" the construction of the shopping center. Conversely, if the construction of the shopping center had been a major or primary factor in the decision to widen the highway, then the exclusion clearly and unambiguously would apply. We are confronted with an intermediate situation, however, in which the construction of the shopping center was a factor, but not the initial or the major factor, in the decision to widen the highway. With respect to this intermediate case, the meaning of the phrase "as the result of," as used in the exclusion in the lease, is ambiguous.
The trial court also had before it the deposition testimony of Eric Hungerford, the attorney for WildCat's agent, the Beerman Realty Company. Hungerford was one of the principal drafters of the lease. He testified that the Old Troy Pike assessment was excluded from Kohl's allocable share of assessments under the lease. Kohl's offered the affidavit of Larry Evinger, its director of real estate, in which Evinger averred that Kohl's and WildCat intended to exclude the Old Troy Pike assessment from Kohl's obligation to pay an allocable share of taxes and assessments.
Finally, the trial court had before it a stipulation of the parties that WildCat never charged Kohl's any portion of the Old Troy Pike assessment, and Kohl's never paid WildCat for that assessment. This evidence that Kohl's and WildCat, the original parties to the lease, understood that the Old Troy Pike assessment was subject to the exclusion, and acted accordingly was not rebutted by any evidence offered by Dapor. In resisting Kohl's motion for summary judgment, Dapor relied upon its argument that the exclusion in the lease clearly and unambiguously did not apply to the Old Troy Pike assessment.
We conclude that Kohl's met its burden, under Dresher v. Burt (1996),75 Ohio St.3d 280, of establishing that the original parties to the lease understood that the exclusion applied to the Old Troy Pike assessments. Dapor did not offer any evidence to rebut this assertion. Under these circumstances, the trial court having correctly determined that the exclusion is ambiguous in this regard, the trial court properly determined that there were no genuine issues of material fact, and that reasonable minds could come to only one conclusion, that being that the exclusion should be construed to apply to the Old Troy Pike assessments. Consequently, the trial court did not err when it rendered summary judgment in Kohl's favor.
All of Dapor's assignments of error are overruled.
 III
All of Dapor's assignments of error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, J., concurs.